# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTA LOUISE WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:19-cv-1555 -JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 10) |

　　　　Krysta Louis Ward seeks judicial review of the administrative decision denying his application for Social Security benefits. (Doc. 1) The Commissioner of Social Security seeks dismissal of the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting the request for judicial review is untimely and the complaint thus fails to state a claim upon which relief can be granted. (Doc. 10) Plaintiff has not opposed the motion.

　　　　For the reasons set forth below, the Court finds Plaintiff's request for judicial review was untimely, and the statute of limitations should not be tolled. Consequently, the Commissioner's motion to dismiss is **GRANTED**.

**I.　　Background**

　　　　In 2016, Plaintiff filed applications for benefits arising under Titles II and XVI of the Social Security Act. (*See* Doc. 10-1 at 8) An administrative law judge determined Plaintiff was not disabled, and issued an order denying benefits on September 18, 2018. (*Id.* at 5) The Appeals Council denied

1

Plaintiff's request for review of the ALJ's decision in the "Notice of Appeals Council Action" dated July 16, 2019. (*Id.* at 26; *see also* Doc. 1 at 2, ¶ 2) At that time, the ALJ's decision became the final decision of the Commissioner.

The Appeals Council Notice informed Plaintiff: "If you disagree with our action, you may ask for court review of the Administrative Law Judge's Decision by filing a civil action." (Doc. 10-1 at 27) In addition, Plaintiff was informed she had "60 days to file a civil action (ask for court review)." (*Id.*) The Appeals Council indicated: "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.*) Plaintiff was also advised that if she could not file a request for court review within 60 days, she could request an extension from the Appeals Council. (*Id.* at 23)

On August 13, 2019, Plaintiff submitted a request for an extension of time to file a civil action. (Doc. 10-1 at 32) The Appeals Council granted the request and issued by written letter dated September 25, 2019. (*Id.* at 34) At that time, the Appeals Council informed Plaintiff's counsel, Jonathan Pena, that a civil action may be filed within "30 days from the date you receive this letter," and that the letter was assumed to be received "5 days after the date on it." (*Id.*)

On October 31, 2019, Plaintiff filed a complaint for judicial review of the ALJ's decision, thereby initiating the matter before this Court. (Doc. 1) At that time, Plaintiff alleged the Appeals Council notice was dated September 26, 2019, and that the action was filed within the timeframe ordered by the Appeals Council. (Doc. 1 at 1-2, ¶ 2) Accordingly, the Court issued an order directing service of the complaint and new Social Security case documents. (Doc. 3)

The Commissioner filed the motion to dismiss now pending before the Court on March 12, 2020. (Doc. 10) Pursuant to the Court's Scheduling Order, any opposition to the motion was to "be filed within fourteen (14) days after service of the motion." (Doc 5 at 3, ¶ 9) Thus, any opposition to the motion was to be filed no later than March 26, 2020. To date, Plaintiff has not opposed the Commissioner's motion to dismiss.

**II.     Timeliness of a Social Security Appeal**

It is well-established that the United States is immune from suit without its consent. *See, e.g., United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). However, the Social Security Act provides

a limited consent to be sued, to allow judicial review of the Commissioner's final decisions. *See* 42 U.S.C. § 405(g). In relevant part, Section 405(g) provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Thus, a claimant must file a civil action for judicial review within 60 days after receipt of the "mailing" of the notice of final decision by the Appeals Council, or within the timeframe of any extension of time. *Id.*; *see also* 20 C.F.R. § 405.501. The date of the "mailing" is defined as "5 days after the date on the notice," unless there is a reasonable showing to the contrary that the notice was not received within the five-day period. 20 C.F.R. §§ 416.1401, 422.210(c). If a claimant does not file a civil action within the prescribed timeframe, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.* Thus, courts have dismissed cases filed only days after the expiration of the statute of limitations. *See, e.g., Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (observing "[a] petition to review a decision of the [Commissioner] must be brought within the statutory time limit," and affirming the dismissal of a Social Security complaint filed two days late); *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of the Commissioner where the claimant missed the statute of limitations by one day); *Davila v. Barnhart*, 225 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day

3

period as a firm limit"[citations omitted]); *O'Neill v. Heckler*, 579 F.Supp. 979, 980-81 (E.D. Pa. 1984) ("[e]ven one day's delay in filing the action is fatal").

Because the deadline for claims seeking judicial review of social security denials is a statute of limitations period and is not jurisdictional in nature, Rule 12(b)(6) of the Federal Rules of Civil Procedures governs challenges to timeliness. *See Bowen*, 476 U.S. at 478; 42 U.S.C. 405(g); *see also Supermail Cargo, Inc v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that because "the question whether [a] claim is barred by the statute of limitations is not a jurisdictional question, it should … be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction").

### III. Motion to Dismiss Standards

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted).

A court must construe the pleading in the light most favorable to the plaintiff and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the

Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

**IV.     Judicial Notice**

The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  In addition, the Court may take judicial notice of material incorporated by reference into the complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Documents are properly incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593 F.3d at 1038; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Through the complaint, Plaintiff incorporated by reference the decision denying benefits; the Appeals Council Notice dated July 16, 2019; her request for an extension of time; and the letter from the Appeals Council granting an extension of time to file a civil action.  (*See* Doc. 1 at 1-2, ¶ 2) Accordingly, the Court takes judicial notice of the ALJ's decision denying Plaintiff's application for benefits on September 18, 2018 (Doc. 10-1 at 5-25); the Notice of Appeals Council Action dated July 16, 2019 (Doc. 10-1 at 26-31); Plaintiff's request for an extension of time dated August 13, 2019 (Doc. 10-1 at 32-33); and the letter granting an extension of time dated September 25, 2019 (Doc. 10-1 at 34).

**V.     Discussion and Analysis**

      **A.     Timeliness of Plaintiff's Complaint**

The Commissioner observes the letter granting an extension of time to file a civil action was dated September 25, 2019, contrary to Plaintiff's allegations in her complaint.  (Doc. 10 at 2; *see also* Doc. 10-1 at 34) Because the date of receipt is presumed to be five days after the date of the letter, the Commissioner asserts, "Plaintiff had until October 30, 2019 to file her complaint for judicial review." (*Id.*)  Thus, the Commissioner argues that "Plaintiff's complaint should be dismissed because it was

filed outside of the prescribed time period for seeking judicial review of the Commissioner's final decision." (*Id.*, emphasis omitted)

Notably, as the Commissioner asserts, the letter granting an extension of time was date-stamped September 25, 2019. (Doc. 10-1 at 34) The Commissioner is entitled to a rebuttable presumption that a claimant received notice by mail within five days after the date on the notice unless the claimant makes a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). Only after a claimant rebuts the presumption of presumed receipt does the burden shift to the Commissioner. *Wheat v. Comm'r of Soc. Sec.*, 2017 WL 469311 (E.D. Cal. Feb. 3, 2017) (citing *Fenneken v. Comm'r of Soc. Sec.*, 2011 WL 4558308 at *3 (S.D. Ohio Sept. 30, 2011); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987)); *see also Wurst v. Comm'r of Soc. Sec.,* 2019 U.S. App. LEXIS 9941 (11th Cir. April 4, 2019) (observing a claimant has the burden to "present some affirmative evidence" to overcome the presumption of receipt). Plaintiff has not opposed the motion and has not presented any evidence to show the letter from the Appeals Council was received more than five days after the date indicated. Accordingly, the Court finds Plaintiff's Complaint was to be filed no later than October 30, 2019.

**B.    Equitable Tolling**

"The doctrine of equitable tolling is 'read into every federal statute of limitation.'" *In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). The Ninth Circuit explained, "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Forester v. Chertoff*, 500 F.3d 920, 929 (9th Cir. 2007) (citation omitted). In general, "'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,'" preventing timely filing. *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Gibbs v. Legrand*, 767 F.3d 879, 884-85 (9th Cir. 2014).

1.    Diligent pursuit of rights

The diligence required for equitable tolling does not have to be "maximum feasible diligence," but rather "reasonable diligence." *See Holland v. Florida*, 560 U.S. 631, 653 (2010). For example,

courts have found a plaintiff acted with diligence where a complaint was filed in a timely manner, but in the wrong court, or timely filed a defective pleading. *Burnett v. New York Central R. Co.*, 380 U.S. 424, 426-430 (1965); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (observing equitable tolling can be applied "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period").

Courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96. The Ninth Circuit observed that "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 335-36 (2007)). In this case, Plaintiff filed a complaint in which she alleged the letter from the Appeals Council was dated one day later on September 26—rather than September 25, 2019—and alleged the Complaint was therefore timely. Even assuming this was the result of a calendaring error, Plaintiff waited until the date she believed to be the deadline to file her complaint. There is no explanation why she delayed in filing the Complaint. Consequently, the Court cannot find she acted with diligence in seeking judicial review of the administrative decision.

2. Extraordinary circumstances

Extraordinary circumstances are those beyond the control of the plaintiff that make it impossible to file the complaint within the statute of limitations. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (noting plaintiffs did not allege any extraordinary circumstances beyond their control that made filing timely "impossible"). "This is a fact-specific determination because a finding of extraordinary circumstances [necessary for equitable tolling] is reserved for extraordinary facts." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1156 (11th Cir. 2005) (internal quotation marks omitted).

Plaintiff has not opposed the motion and the Court is unable to speculate as to any extraordinary circumstances leading to the delay in filing. Indeed, the Supreme Court observed that "a simple 'miscalculation' that leads a lawyer to miss a filing deadline… does not warrant equitable tolling." *Holland*, 560 U.S. at 651 (internal citation omitted). Courts have repeatedly concluded that an attorney's miscalculation of the statute of limitations is insufficient, without more, to warrant equitable

tolling. *See, e.g, Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir.2002) (attorney miscalculation of a limitations period did not merit equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of deadline general negligence did not constitute extraordinary circumstances); *Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (2nd Cir. 2001) (finding an attorney error in calculating time period was inadequate to create the extraordinary circumstances required for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999) ("mere attorney negligence . . . is not a basis for equitable tolling"). Having chosen to wait until the day of a miscalculated deadline, this miscalculation has proven fatal to Plaintiff's claims.

## VI. Conclusion and Order

For the reasons set forth above, the Court finds the complaint filed by Plaintiff seeking judicial review of her application for benefits was untimely. Accordingly, the Court **ORDERS**:

1. The Commissioner's motion to dismiss (Doc. 10) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** without prejudice; and
3. The Clerk of Court is DIRECTED to enter judgment in favor of Andrew Saul, Commissioner of Social Security, and against Plaintiff, Krysta Louise Ward.

IT IS SO ORDERED.

Dated: __**March 30, 2020**__      __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE